WIELAND v. WIELAND.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.
   In husband's suit for divorce, a decree in his favor on
   the ground of extreme cruelty, *held*, justified by the un-
   disputed evidence.

2. SAME—CONDONED ADULTERY NOT A BAR.
   Husband's adultery, where condoned by the wife and he
   afterwards lived an exemplary life, *held*, not a bar to his
   suit for divorce on the ground of wife's subsequent ex-
   treme cruelty.

3. SAME—PROPERTY SETTLEMENT NOT OBTAINED BY FRAUD.
   The finding of the circuit judge that a property settle-
   ment whereby plaintiff gave to defendant one-half of all
   of his property was not obtained by fraud or undue in-
   fluence, *held*, justified by the record.

4. SAME—CUSTODY OF CHILDREN — BEST INTEREST OF CHILDREN
   CONTROLLING.
   The decree of the court below awarding the custody of a
   minor son to the husband, and a minor daughter to the
   wife's father, subject to further decree of the court, *held*,
   justified in the best interest of the children.

Appeal from Kent; Brown (William B.), J. Sub-
mitted April 11, 1924. (Docket No. 57.) Decided
June 2, 1924. Rehearing denied July 24, 1924.

Bill by John J. Wieland against Jennie L. Wieland
for a divorce. From a decree for plaintiff, defend-
ant appeals. Affirmed.

*Charles E. Ward*, for plaintiff.

*Shelby B. Schurtz*, for defendant.

MCDONALD, J. The plaintiff was granted a decree
of divorce on the ground of extreme cruelty. The de-

On extreme cruelty as grounds of divorce, see notes in 18
L. R. A. (N. S.) 305; 34 L. R. A. (N. S.) 360.
On condonation of cruel treatment as defense in divorce action,
see note in 14 A. L. R. 931.

fendant has appealed.    The plaintiff was married to
the defendant at Wayne county, Michigan, on July 2,
1908.    Two children were born of the marriage,
Elizabeth Wieland born September 17, 1910, and
Elmer Wieland born April 9, 1915.    The parties lived
and cohabited together as husband and wife until
October 1, 1921.    From that time until February 18,
1922, they occupied the same house but did not sustain
marital relations.    By this time their serious differ-
ences had driven them so far apart that the plaintiff
decided to apply for a divorce.    A written agreement
was entered into providing for a settlement of their
property matters and the custody of their children.
The plaintiff then removed to Grand Rapids, and subse-
quently filed this bill for divorce.    After reciting
various minor acts, which he claims constitute ex-
treme cruelty, he charged that she was improperly
familiar with two men, one of whom she admitted
had taken the plaintiff's place in her affections; and
that her refusal to forget this man and to cease corre-
sponding with him was the immediate cause of their
final separation.

In her cross-bill the defendant charged extreme
cruelty and particularly complained of two acts of
adultery committed by the plaintiff with a woman of
Detroit in the year 1917, and of his attentions to a
young woman who worked in the office where he was
employed.    She also charged that the agreement
providing for a division of their property and the
custody of the children was inequitable and obtained by
fraud, duress, coercion, threats and sham.    She asked
that this agreement be set aside and that she be
granted a decree and the custody of the children.

In his decree the circuit judge confirmed the settle-
ment agreement, granted the plaintiff a divorce on the
ground of extreme cruelty, gave him the custody of
the minor child, Elmer Wieland, left the daughter,
Elizabeth Wieland, with defendant's parents at

Wayne, Michigan, required the plaintiff to pay $5 a week for her support, and allowed the defendant $250 to pay attorney's fees and expenses.

The questions involved in the case are purely questions of fact.    We see no occasion for discussing the testimony at length.    The defendant's letters and her admissions as to association with another man, which she insisted on continuing against the protestations of the plaintiff, are sufficient to sustain a decree for extreme cruelty, unless the plaintiff is barred from such relief by reason of his acts of adultery.    These acts took place in the year 1917.    The plaintiff apparently subsequently repented of his misconduct, made a confession to defendant and asked her forgiveness.    She granted it.    They agreed to forget the past and to live together in peace and harmony from that time on.    The next serious and final disturbance in their marital relations arose over her associations with other men.    As to the plaintiff the evidence is conclusive that except for the two admitted acts of adultery his life with respect to other women was without fault.    The circuit judge says in his findings of fact that, after plaintiff's offense had been condoned by the defendant, he lived an exemplary life.    Both parties violated their matrimonial obligations with this difference; that after the condonation of his offense the plaintiff conducted himself properly, but the defendant persisted in her misconduct up to the time of their separation in spite of the remonstrances of the plaintiff.

"The general rule is that, where adultery committed by complainant has been condoned, it is not a bar to a suit brought for the subsequent adultery or cruelty of defendant." 19 C. J. p. 96.

We think the undisputed evidence justified the circuit judge in granting the plaintiff a divorce on the ground of extreme cruelty.

In respect to the settlement agreement the circuit judge found that it was not obtained by fraud or undue influence. The testimony shows that this agreement was reached after many conferences in which the defendant was represented by her father, a highly honorable and capable business man, and that the plaintiff was represented by Jacob Steketee, a reputable attorney of Grand Rapids. There is not the slightest excuse for any criticism of Mr. Steketee or any of the parties connected with the settlement. The agreement itself, which is in writing and which gives the defendant one-half of all the plaintiff's property, is the best evidence that she was justly dealt with and that her rights were fairly protected. It was the opinion of the court that this settlement should be confirmed as a settlement of all "property, dower and alimony rights of the defendant;" and it was so provided in the decree.

In regard to the custody of the children the circuit judge said:

"As to the children, of course, their best interests are controlling. It is concluded that the son shall be given to the plaintiff, his care, custody and education is given to the plaintiff. As to the daughter, it is concluded for the present, that, in case it shall be agreeable to the father of the defendant, the daughter shall be given into the care and custody of Mr. Jamieson, the father of the defendant, subject to the further decree of the court."

We think that in view of the undisputed evidence the decree entered by the circuit judge is in all respects reasonable. It is affirmed. Neither party will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.